Statement of Facts.

ficient to carry the case to a jury. The same reasons which render an opinion of doubtful propriety, in cases of appeals from preliminary injunctions, apply with equal force when we affirm an order of the court below refusing judgment for want of a sufficient affidavit of defence. The case must go to a jury, and may come up again after a verdict. The less we say about it now the better.

Affirmed.

---

## G. E. DEARBORN v. J. M. RAYSOR.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY.

Argued February 7, 1890—Affirmed at Bar.

(a) Plaintiff in replevin delivered a piano under a written contract providing that the receiver agrees " to purchase the said instrument and pay the sum of $405 " in instalments; and " The sale of said instrument is conditional upon the punctual payment of the said sums." On payment in full there was to be a bill of sale absolute delivered, and on default a right to resume possession by the plaintiff:

1. The contract, in such case, was a conditional sale of the piano, not a bailment thereof; and the defendant in replevin being a purchaser of the instrument from the receiver of it, for value and without notice of the terms of the contract, the plaintiff was not entitled to judgment in his favor.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 155 January Term 1890, Sup. Ct.; court below, No. 67 October Term 1888, C. P.

On July 25, 1888, George E. Dearborn brought replevin against J. M. Raysor, for a piano. The writ was served and the property delivered to defendant, who pleaded non cepit and property.

At the trial on October 15, 1889, after the submission of the evidence, the jury returned the following special verdict:

The jury find that the plaintiff delivered possession of the piano in question to one John Robeson, under the following written contract, to wit:

"This certifies that I, John Robeson, of Conshohocken, Pa., have received of George E. Dearborn, of the city of Philadelphia, state of Pennsylvania, one Mathushek piano, No. 17,002, style F., which I am at liberty to use with care, keeping it in as good order as when received.

"I hereby agree to purchase the said instrument, and pay the sum of $405 in the following manner, namely: . . . . dollars down, on the delivery of this contract, and the balance in regular monthly payments of $10 each, until the full amount is paid, the whole amount to be paid within. . . . . from date of this contract.

"I have also agreed to pay all future payments, at the office of George E. Dearborn, 1508 Chestnut street, Philadelphia, on the . . . . . of each month without further notice or demand.

"The sale of said instrument is conditional upon the punctual payment of the said sums as above stated, the title to remain in the said George E. Dearborn, until the payments are made in full, at which time there shall be a bill of sale absolute made out and delivered to the said John Robeson.

"But if default shall be made in any one of said payments,. or if said George E. Dearborn has reason to deem himself insecure, or if I shall sell, offer for sale, remove or attempt to remove said instrument from my present residence, without the written consent of George E. Dearborn, then and in that case he shall resume actual possession of said instrument, and the payments thereon made shall be in full for the use thereof.

"Witness my hand, at Philadelphia, the 27th day of February, 1888.              (Signed,)   JOHN ROBESON."

That the said John Robeson paid none of the monthly payments in said contract specified, nor did he pay any money to plaintiff, or his agents, on account of said contract, at the time the piano was delivered to him, or at any subsequent date. That on or about the 22d day of May, A. D. 1888, the said John Robeson disposed of said piano to the defendant. That said defendant was an innocent bona fide purchaser of said piano, without notice, for a valuable consideration.

That they are ignorant in point of law on which side they

ought upon these facts to find the issue; that if upon the whole matter the court shall be of opinion that the issue is proved for the plaintiff, they find for the plaintiff accordingly, and assess the damages at $402.56 and costs; but if the court are of an opposite opinion, then we find for the defendant.

Subsequently, the court entered judgment for the defendant on the special verdict, SWARTZ, P. J., filing an opinion, which after quoting the contract in full proceeded:

In the special verdict, the jury found that the plaintiff George E. Dearborn, delivered possession of the piano in question to said Robeson, under the foregoing written contract, and that Robeson sold the piano to the defendant, who was a bona fide purchaser, for value, without notice. This finding was in accordance with the uncontradicted evidence. The plaintiff's salesman was asked, " Was the piano shipped and delivered to him in pursuance of that contract?" He answered in the affirmative.

The interpretation of this contract is for the court, and the intention of the parties must be ascertained from the written contract of the parties.

The contract discloses an agreement to buy the piano for a fixed sum, the payments to be made in monthly portions; it also discloses an agreement on the part of the owner to sell upon the terms offered. The piano is then delivered. There is a further stipulation that if the terms of sale are not complied with, then the contract of sale shall be converted into a bailment. The down money and the monthly payments are to be treated, in the first instance, as payments on account of the purchase; and it is only in the event of a failure to comply with the full conditions of sale, that these payments are to be considered a compensation for the use or bailment of the instrument.

In Wire Book S. M. Co. v. Crowell, 19 W. N. 55, the court said: " This is a clear case of a conditional sale on credit, followed by a delivery of possession, with a provision to convert the sale into a bailment, if the price of the machines should not be paid. This provision was not sufficient to convert the contract into a bailment ab initio."

The plaintiff contends that the agreement provides for a

bailment in its very outset; that the piano was delivered for use, and that this is a bailment. If this be true, then two separate contracts existed; first, one of bailment, and secondly, a sale. We cannot so read this paper. One part of the contract did not antedate the other. Robeson did not obtain possession of the piano for use, and then after such possession make a new contract to buy. The paper constitutes but one contract, and delivery was made under it, not under a part of the agreement. This is the evidence and the jury so found.

But if we were to concede to the plaintiff the right to divide his agreement and treat each part as independent of the other, he still stands on very narrow ground. He has a valuable piano delivered for use, with no stipulation for its return or consideration for its use. While these may not be absolutely necessary to constitue a bailment: Edwards's App., 105 Pa. 103, still they are the usual attendants, and of great aid in determining the character of the transaction where doubt arises. Still more, there is no limit of time during which the piano may be used. This alleged lease is without term, without consideration for use, and without any provision for a redelivery. We must gather the intention of the parties from the paper as a whole, and it is immaterial whether the stipulation for use precedes or follows the other provisions of the contract. It is usually found in conditional sales where the vendor seeks to secure his purchase money. Such a provision is found in Wire Book S. M. Co. v. Crowell, supra, and Forrest v. Nelson, 108 Pa. 481; that is, the vendee is to have no more than the use of the property until all the payments are made. The facts of the cases just cited are in full accord with those of the case at bar.

Where it appears from the contract of the parties that the owner transferred the possession of the property to the vendee, reserving to himself the naked title solely for the purpose of securing the payment of the price agreed upon, the contract is a conditional sale. This was the test applied in Forrest v. Nelson, supra, and the same test applied to our contract leads to a like conclusion. The parties agreed upon the price of the instrument and the terms of future payment; the delivery followed. The use was to pass to the vendee, but the title was to remain in the vendor for the sole purpose of securing him in

Opinion of the Court.

the purchase money. The agreement is a contract of sale in its very inception, and a delivery in pursuance of such sale.

—Considering Rowe v. Sharp, 51 Pa. 26; Enlow v. Klein, 79 Pa. 488; Stadtfeld v. Huntsman, 22 Pa. 57; Brunswick etc. Co. v. Hoover, 95 Pa. 508, the opinion concluded:       .

It is a rule of law that possession shall accompany the ownership of chattels, so far as creditors of the vendee or an innocent purchaser from him are concerned. Bailments are exceptions to this rule, but the rule must prevail unless the exception is fully established.

And now, December 2, 1889, judgment is entered for the defendant with costs, upon the special verdict.

—Thereupon the plaintiff took this appeal, assigning the entry of judgment for the defendant on the special verdict for error.

*Mr. Jacob V. Gotwaltz* (with him *Mr. Wm. F. Dannehower*), for the appellant.

Counsel cited: Becker v. Smith, 59 Pa. 472; Rose v. Story, 1 Pa. 190; Myers v. Harvey, 2 P. & W. 478; Clark v. Jack, 7 W. 375; Chamberlain v. Smith, 44 Pa. 431; Rowe v. Sharp, 51 Pa. 26; Enlow v. Klein, 29 Pa. 488; Crist v. Kleber, 79 Pa. 290; Dando v. Foulds, 105 Pa. 74; Edwards's App., 105 Pa. 103; Ditman v. Cottrell, 125 Pa. 606; Krause v. Commonwealth, 93 Pa. 418; Cope v. Singer Mfg. Co., 1 Mona. 650.

*Mr. N. H. Larzelere* and *Mr. M. M. Gibson*, for the appellee, were not heard.

In the brief filed, they cited: Stadtfeld v. Huntsman, 92 Pa. 55; Haak v. Linderman, 64 Pa. 501; Forrest v. Nelson, 108 Pa. 481; Wire Book S. M. Co. v. Crowell, 19 W. N. 55; s. c. 2 Pa. C. C. R. 208; s. c. 6 Cent. R. 186; Jenkins v. Eichelberger, 4 W. 123.

PER CURIAM:
On the argument at Bar,
                                        Judgment affirmed.