## P. J. HINEMAN v. DAVID MATTHEWS.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS OF VENANGO COUNTY.

Argued October 8, 1890—Decided November 10, 1890.

1. A motion for a judgment of nonsuit is equivalent to a demurrer to the evidence, save that on its refusal judgment cannot be entered for the plaintiff; it must therefore be regarded as an admission by the defendant of every fact which might fairly have been found by the jury from the evidence submitted.
2. Where, on a contract for the sale of timber, under an agreement that title shall not pass until payment, the vendee removes the timber and converts it into lumber, possession of the lumber obtained by the vendor, on failure of payment, will enable him to hold it against a levy afterwards made on an execution against the vendee.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 66 October Term 1890, Sup. Ct.; court below, No. 57 August Term 1888, C. P.

On June 28, 1888, an appeal was entered by the defendant from the judgment of a justice of the peace in favor of P. J. Hineman against David Matthews. Issue.

At the trial on May 21, 1889, the plaintiff submitted evidence tending to show that in November, 1887, he sold to Gaylord Minium certain timber, with a distinct agreement, as was claimed and testified, that the title to the timber was not to pass by the sale until the vendee had paid the purchase money; that Minium, however, was allowed to cut the timber and remove it to Wilson's mill where it was sawed into lumber; that in January, 1888, Minium having failed to pay for the timber and become insolvent, the plaintiff paid the bills for hauling and sawing, took possession of the lumber made from the timber, hauled it away from the mill, and kept possession of it as his own. Afterwards, the defendant, a constable, levied upon the lumber as the property of Minium upon a judgment and execution in favor of one William Ware, and, although notified of the plaintiff's claim of ownership, sold it at constable's sale to one Wilson.

At the close of the plaintiff's testimony, the court, on motion of defendant, entered a judgment of nonsuit, with leave, etc. A rule to show cause, etc., having been argued, the court, TAYLOR, P. J., on January 6, 1890, filed the following opinion:

The material question at issue was whether the transaction between the plaintiff and Minium was a sale or a bailment. Giving the testimony the most favorable construction for the plaintiff, there were no elements of a bailment in it, at least as far as creditors are concerned. It was a sale, with a reservation that no title should pass until the purchase money was all paid. The possession was unconditionally delivered, and so remained in the vendee until after the logs in controversy were sawed. Whatever may be the rule in other states, in Pennsylvania, in Welsh v. Bell, 32 Pa. 13, following other cases, it was held that " if actual possession be given to the vendee, the vendor's property in the goods is gone with his possession, and also his lien for the purchase money; for, retention of possession is essential to a lien on personal property." In Haak v. Linderman, 64 Pa. 499, Justice THOMPSON says: " No valid lien for purchase money, when the property is delivered on a contract of sale, is worth anything;" citing numerous authorities. Of course this relates only to creditors.

The rule to take off the nonsuit is discharged.

—Thereupon the plaintiff took this appeal, specifying that the court erred in entering the judgment of nonsuit, and in discharging the rule to show cause why the same should not be taken off.

*Mr. Wm. J. Breene*, for the appellant.

*Mr. Geo. S. Criswell* (with him *Mr. J. W. Lee* and *Mr. J. W. Hastings*), for the appellee.

OPINION, MR. JUSTICE STERRETT:

Plaintiff's contention is that, as between himself and Gaylord Minium, the transaction was a conditional sale of the timber; that, according to the terms of their agreement, the title was not to pass until the timber was paid for, and the vendee having failed to pay within the time agreed upon, plaintiff resumed possession of the property, before the defendant or any of the vendee's creditors acquired any right thereto, by levy, sale, or otherwise, and that the jury would have been warranted by the evidence in finding these facts. If that position be correct, the learned judge of the Common Pleas erred in refusing to take off the judgment of nonsuit.

It is well settled that a motion for judgment of nonsuit is tantamount to a demurrer to the evidence, except that judgment cannot be entered in favor of the plaintiff. It must therefore be regarded as an admission of every fact which might have been fairly found by the jury from the evidence: Smyth v. Craig, 3 W. & S. 14; Maynes v. Atwater, 88 Pa. 496; Miller v. Bealer, 100 Pa. 583; Hill v. Trust Co., 108 Pa. 1, 3. In the case last cited, it is said: "In our practice, a peremptory nonsuit is in the nature of a judgment for defendant on demurrer to evidence; and hence, in testing the validity of such nonsuit, the plaintiff is entitled to the benefit of every inference of fact which might have been fairly drawn by the jury from the evidence before them. It is immaterial that the evidence in support of plaintiff's claim may be very slight, provided it amounts to more than a mere scintilla. If there is any evidence which alone would justify an inference of the disputed facts on which his right to recover depends, it must, according to the well-settled rule, be submitted to the jury. It is their exclusive

province to pass upon the credibility of witnesses, weigh the evidence, and ascertain the facts."

The evidence on which plaintiff relied was the testimony of himself and other witnesses as to what was said at the time of sale, and afterwards. Among other things, he testified that he said to Minium: "You are a stranger to me and I am a stranger to you, and I will hold the logs until they are paid for;" "they were to be mine until they were paid for," and other expressions of similar import; to which Minium replied, "Of course, they belong to you till you get your pay." Referring to what occurred at the time of the sale, plaintiff's son testified that his father said: "I hold the logs until they are paid for. Mr. Minium said the logs should be father's until he paid for them." Again; "Minium said: 'I will pay you Tuesday for the timber.' Then father says: 'It will be mine until you pay me; you are a stranger to me, and I don't want to get beat out of it.'" In answer to the question, "Didn't your father say he should pay for the logs before he took them away?" his reply was, "No, sir." These references to and quotations from the testimony are sufficient to indicate the general character of the evidence tending to show the verbal contract of sale, and the terms thereof.

We think the evidence, as a whole, was sufficient to require its submission to the jury. It was their exclusive province to say what the verbal understanding or agreement between plaintiff and Minium was. If they found that the terms of sale were as claimed by the plaintiff, and that, in pursuance thereof, he resumed exclusive possession of the lumber, into which the timber had been sawed, before the defendant or any of Minium's creditors acquired any right thereto by levy, sale, or otherwise, they would have been warranted in finding in his favor.

On a conditional sale, such as he contends was made between himself and Minium, the title does not pass until payment of the purchase money. As between the parties themselves, it is valid and binding: Haak v. Linderman, 64 Pa. 501; Krause v. Commonwealth, 93 Pa. 421; Brunswick & Balke Co. v. Hoover, 95 Pa. 508, 512; 1 Benj. on Sales, 359. In Krause v. Commonwealth, supra, it is said: "By the terms of the contract, the seller may retain the right of property in the goods

till paid for, as against the purchaser; and in default of payment he may reclaim them, and use civil remedies for recovery of possession."

The fact that the timber was converted into lumber did not deprive the plaintiff of his right to take possession of the latter. He paid the bills for sawing and hauling; and, as the evidence tends to show, took exclusive possession of the lumber after default on the part of Minium to pay for the timber, as he agreed to do, and before the rights of either creditors or bona fide purchasers attached. In view of what has been said, we think the learned judge erred in refusing to take off the judgment of nonsuit.

Judgment reversed and procedendo awarded.