### In re G. & K. TRUNK CO.

(District Court, W. D. Pennsylvania. February 28, 1910.)

No. 5,029.

1. SALES (§ 454*)—CONDITIONAL SALE—DISTINCTION FROM BAILMENT.
   A contract for the delivery of showcases, by which title is retained until the price and all costs have been paid, is one of conditional sale, and not of bailment.
   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1324–1334; Dec. Dig. § 454.*
   What constitutes a contract of conditional sale, see note to Dunlop v. Mercer, 86 C. C. A. 448.]

2. SALES (§ 472*)—CONDITIONAL SALES—EFFECT AS TO THIRD PERSONS.
   In Pennsylvania a contract of conditional sale is void as to third persons.
   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1366–1376; Dec. Dig. § 472.*]

3. BANKRUPTCY (§ 140*)—ADMINISTRATION OF ESTATE—TITLE OF TRUSTEE.
   Where a bankrupt at the commencement of the proceedings is in possession of property under a contract of conditional sale made and to be performed in Pennsylvania, the trustee in bankruptcy, and not the vendor, is entitled to the property.
   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 140.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In the matter of the bankruptcy of the G. & K. Trunk Company. Petition by the Diamond Showcase Company to have certain cases declared to be its property. Petition dismissed.

Charles A. Locke, for trustee.
Roger Knox, for Diamond Showcase Co.
M. R. Trauerman, for purchaser.

ORR, District Judge. This is a petition of the Diamond Showcase Company to have certain showcases declared to be its property, and to require one who purchased the same from the receiver of the bankrupt to return the same to the petitioner. The showcases were delivered to the bankrupt under the following contract:

The Diamond Showcase Co.

Main Office and Factory, Cleveland, Ohio.

(Town) Pittsburg, Pa., Jan. 25, 1909.

The Diamond Showcase Co., Cleveland, Ohio—Gentlemen: Please enter our order for the following described (all glass) showcases, upon the terms, conditions, and at the prices enumerated below, to be set up at our store on or about April 1st, 1909.

It is understood that the showcases and fixtures herein proposed to be delivered and furnished are not now in existence, but are to be manufactured in performance of the contract arising on the acceptance hereof, and the same shall remain personal property after erection, and the title thereto shall not pass to the purchaser until the price and all costs representing the same, or any part thereof, shall have been fully paid.

Delivery is subject to delays, strikes, lockouts, fire, or exceptional actions of the elements, and any other causes beyond the control of this company.

There are no oral agreements outside this proposal.

No lamps furnished. Wires not connected to system at building.

Number of cases: 8.

Style: 10.

Shelves: 10" & 14" P. P. in 6° cases 10" & 14" wood 8° case.

Fixtures: Brackets.

Backs: Panel birch. German mirrors.

Floor: Parquet oak.

Doors: Opening 3 doors in 6° cases, 4 doors in 8° cases.

Base: 8" Creole, Ga., marble.

Electric wiring: Swing electric arms 2 in 6° & 3 in 8°.

Top: Glass.

Moulding: Mahogany inside.

Lettering: None.

Finish: Floor natural, mahogany on balance.

Outside marble measurements: 7 Width 72 Depth 26 Height 42.
1 96 x 26 x 42.

Price: $646.00.

There is no dating on this bill. 78.00 on delivery.

Terms: 10 days net from date of shipment; Bal. in notes.

G. & K. Trunk Co.

Salesman: H. A. Marble. [Signed] Per J. D. Kabel.

The contract was made and was to be performed in Pennsylvania. It is a contract of conditional sale, and not of bailment. See Ott v. Sweatman, 166 Pa. 217, 31 Atl. 102, where many cases are cited and the distinction is carefully drawn between the two classes of contracts. In Stephens v. Gifford, 137 Pa. 219, 20 Atl. 542, 21 Am. St. Rep. 868, Mr. Justice Williams says:

"It is of the essence of a contract of bailment that the article bailed is to be returned in its own or some altered form to the bailor, so that he may have his own again."

This is quoted with approval in Morgan-Gardner Elec. Co. v. Brown et al., 193 Pa. 351, 44 Atl. 459. The latter case is quite similar to the case at bar. There the contract provided for the delivery of goods by one person to another, with a retention of the legal title until certain promissory notes given for the goods should be paid, and without a provision for the return of the goods if the notes were not paid. The transaction was held to be a conditional sale, and not a bailment, although the contract was called a lease in the paper itself.

From the earliest times in Pennsylvania a contract of conditional sale has been held to be void as to third persons. Ott v. Sweatman, supra. A bona fide pawnee of an iron safe, pawned by the conditional vendee, was protected against the claim of the vendor in Farrell v. Matthews, 1 Phila. 557. A bona fide purchaser of a piano conditionally sold was similarly protected in Dearborn v. Raysor, 132 Pa. 231, 20 Atl. 690. Creditors of a conditional vendee were also protected because, as Judge Rogers said in Rose et al. v. Story, 1 Barr, 190, 44 Am. Dec. 121:

"By transferring the possession to the vendee under such a contract, a false credit is given to the vendee, and therefore, in respect of third persons, as he is the apparent, so he is to be considered as the real, owner."

Such contracts having been held void as to third persons, the corollary follows that they were good between the parties; and this has given rise to some uncertainty in the decisions since the passage of the bankrupt law. The uncertainty is not wholly limited to the decisions in the federal courts; but an examination of the decisions of the courts of Pennsylvania show that the latter have been busy in determining the rights of creditors of the conditional vendee. The result reached by the courts of that state seems to be that, if the property has been redelivered to the vendor before the rights of creditors attach, the vendor may retain it. Hineman v. Matthews, 138 Pa. 204, 20 Atl. 843, 10 L. R. A. 233. If, however, the possession be still in the conditional vendee when such rights have attached, then the vendor cannot reclaim the goods. That such rights have been so adjudicated because the creditors have issued writs of execution or attachment must not be taken as a reason why such rights may not attach in other ways. In a late case it has been held that a creditors' bill and the appointment of a receiver of a conditional vendee give the receiver the rights of a levying creditor. Duplex Printing Press Co. v. Clipper Publishing Co., 213 Pa. 207, 62 Atl. 841. The reason is that such receiver is vested with authority, not from the debtor, but from the court acting in the interest, and for the enforcement of the rights, of creditors. Now it cannot be pretended that a creditors' bill and the appointment of a receiver in the courts of Pennsylvania can reach farther for the benefit of creditors than the proceedings in bankruptcy and the appointment of a receiver by the District Court. The conclusion is irresistible that, where a petition in bankruptcy has been filed against a conditional vendee, the assets in the hands of the conditional vendee are as much

within the grasp of creditors as if some creditor had made a levy by virtue of a writ of execution or had attached the same.

Under the bankrupt law the rights of all persons with respect to the estate of the bankrupt are fixed as of the date of the filing of the petition. Creditors, therefore, are prevented from seizing the property in the hands of the bankrupt after the filing of the petition, and it would be anomalous to hold that assets which the creditor could have seized if the bankruptcy proceedings had not been begun are to be excluded from the bankrupt's assets just because a petition may have been filed in this court before the creditor had an opportunity to levy in the state court.

It is argued that the case of York Mfg. Company v. Cassell, 201 U. S. 344, 26 Sup. Ct. 481, 50 L. Ed. 782, supports the contrary position. As a matter of fact, in the light of subsequent decisions of the same court, that case merely holds that the rights of parties and third persons with respect to property sold under conditional sales are to be determined by the law of the place of contract, and that decision was arrived at because the rights of parties under a contract of conditional sale in the state of Ohio were different from the rights of parties and third persons under such a contract in the state of Pennsylvania. It is perhaps unfortunate in the case last cited that the meaning could be drawn from the language used that the trustee in bankruptcy stood in the shoes of the bankrupt with respect to property sold conditionally. He does in the state of Ohio. But we have seen he does not in the state of Pennsylvania. He stands in the shoes of the bankrupt, clothed with all the rights which creditors have at the time of the filing of the petition. See Fourth Street National Bank v. Millbourne Mills Co.'s Trustee, 172 Fed. 177, 96 C. C. A. 629, and Security Warehousing Co. v. Hand, 206 U. S. 415, 27 Sup. Ct. 720, 51 L. Ed. 1117.

The petitioner in this case has no standing to recover the property, and the petition must be dismissed.