## HAUCK v. FREY.

### (District Court, E. D. Pennsylvania. January 12, 1916.)

**1. NEW TRIAL ⬅14—SCOPE OF MOTION—CHANGE OF THEORY.**

Where plaintiff elected to try a case on one of two theories upon which he might have asked for a verdict, and the case was in consequence so submitted to the jury, it was too late on a motion for a new trial to try it otherwise.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 20; Dec. Dig. ⬅14.]

**2. BANKRUPTCY ⬅140—VOIDABLE PREFERENCES—SALES—RECLAMATION OF PROPERTY.**

As claimed by defendant, he sold cows at public vendue, the conditions of which were that there was no sale until the amount bid was paid. The bankrupt was a bidder, and made a deposit on his bid, but did not make payment in full, and the cows were driven to a public house, and were not to become the property of the bankrupt until payment was completed. The bankrupt, however, took the cows to his farm, and defendant, fearing loss of his money, reclaimed them, and agreed to and did resell them on the bankrupt's account. Held that, if these were the facts, defendant was not liable to the trustee in bankruptcy for the value of the cows, though they were reclaimed within four months before bankruptcy and at a time when defendant was charged with notice of the bankrupt's insolvency, as neither the bankrupt nor the trustee ever had title, and defendant retained title, except as against bona fide purchasers for value or creditors.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 198, 199, 219, 225; Dec. Dig. ⬅140.]

**3. COURTS ⬅107—PRECEDENTS—FORCE AND EFFECT.**

A judicial opinion is to be read in the light of the facts of the case.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 360; Dec. Dig. ⬅107.]

**4. BANKRUPTCY ⬅303—PREFERENCES—ACTIONS—EVIDENCE.**

In an action by a trustee in bankruptcy for the value of property claimed to have been sold to the bankrupt and retaken by defendant within four months before bankruptcy, thus securing an unlawful advantage, where defendant claimed that there was to be no sale until payment, evidence as to former dealings between the parties had no relevant bearing upon the case, as the transaction involved was based upon a special and specific arrangement.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 1155–1158, 1161; Dec. Dig. ⬅303.]

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

5. WITNESSES ☞262—EXAMINATION—RECALL.
        The recall of a witness, who had already testified fully, was a matter within the discretion of the trial judge.

        [Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 797, 899, 904, 1165; Dec. Dig. ☞262.]

At Law. Assumpsit by Irwin M. Hauck, trustee in bankruptcy, against George F. Frey. On motion by plaintiff for a new trial. Motion dismissed.

E. F. Slough, of Norristown, Pa., for plaintiff.
Joseph R. Dickinson, of Reading, Pa., for defendant.

DICKINSON, District Judge. When the case was called for trial the sufficiency of the statement was questioned. It was finally agreed that the case be tried upon its merits without regard to the pleadings. The plaintiff's theory of the case was the simple one of a sale of cows by the defendant to plaintiff's bankrupt on credit, or part cash and part credit, and that after the sale and well within four months before bankruptcy the defendant retook possession of the cows and resold them, thus securing to himself an unlawful advantage over the other creditors. The defendant's version of the transaction was that the averred sale was no sale at all. The cattle had been offered for sale at public vendue, the conditions of which were that there was no sale until the amount bid had been paid. The bankrupt was a bidder, but there was no sale, because he had failed to make payment. He did, however, make a deposit on his bid. The cows were driven to a public house, and were not to become the property of the bankrupt until he had completed his purchase by payment. The bankrupt took the cows to his farm, and the defendant, fearing the loss of his money, reclaimed them, agreeing to resell them on the bankrupt's account. This he did, accounting to the trustee for the proceeds of the resale. The defendant was not chargeable with notice of insolvency when the vendue was held. He was chargeable with such notice when the cows were reclaimed.

[1] From this outline of the opposing versions of the facts, it is clear that the plaintiff might have declared in a single count for the value of the property of the bankrupt estate thus appropriated. He might also have declared in an additional count for the deposit moneys, on the theory that if there was no sale these moneys belonged to the estate. He thus could have asked for a verdict for the value of the cows if there had been a sale to the bankrupt, and for the amount of the deposit if there had been no sale. He elected to try on what we have called the first count only. The case was in consequence so submitted to the jury, and it is now too late to try it otherwise.

[2, 3] The jury were instructed that the plaintiff had made out his case if the transaction was as testified to by the bankrupt. If, however, the defendant's version of the facts was accepted, the transaction was as between the parties to it a valid one, and defendant retained title, except as against bona fide purchasers for value or creditors, and that if he reclaimed his property before sale or levy his

title became immune from successful attack. The jury were further charged that the trustee in bankruptcy had every right which belonged to creditors, and that a verdict for defendant must have as a supporting basis a finding that he had made no sale of the cows and had not parted with his title, and that he had reclaimed and taken them back into his actual possession before the rights of creditors or the trustee in bankruptcy had intervened. The vital question now in the case is whether this instruction was right. It is supported by the rulings in a number of cases, among which are Hincman v. Matthews, 138 Pa. 204, 20 Atl. 843, 10 L. R. A. 233; Durr v. Replogle, 167 Pa. 347, 31 Atl. 645; Powell v. Clawson, 38 Pa. Super. Ct. 245. The list might be indefinitely lengthened.

There would be no room for doubt of its correctness, were it not for the case of Bank v. Penn Motor Car Co., 235 Pa. 194, 83 Atl. 622. We must regard the ruling in that case as authoritative, notwithstanding the strong dissent which the record discloses. It is an incident worth noting that trial by jury was waived and the case was tried before a referee in accordance with the state practice. The referee was well equipped for his task, not only by the possession of great natural abilities and a firm grasp of legal principles, but also by long experience and training as a referee in bankruptcy. The report he filed was so able as to evoke from the court a tribute as merited as it was handsome. If the ruling there is applicable here, we deem it to be controlling. Is it so applicable? It is to be observed that the opinion makes it entirely clear that the earlier cases are left unimpaired as binding precedents. The controlling principles remain as they were. It is well, also, to remind ourselves that the language of an opinion is to be read in the light of the facts of the case. What, then, were the essential fact features of that case? The Penn Company was the owner of a number of motor cars. It pledged them to the bank for a loan, but retained possession. Clearly such a transaction was void as to creditors. The owner became insolvent, and a few days before bankruptcy the bank attempted to complete its title by securing possession through an action of replevin. The receiver (afterwards the trustee) in bankruptcy intervened, and the case went on to trial between the bank and the trustee. The ruling was in favor of the latter. The dissent referred to was doubtless based upon the fact that the writ had been executed and the bank was in possession before bankruptcy.

Contrast the facts there with the facts (as found by the jury) here. These cows belonged to the defendant, who had never parted with his title. Richards (the bankrupt) had agreed to purchase them, but had not completed the purchase. Before levy or bankruptcy (although after insolvency and well within the four months period) the defendant reclaimed his property and the agreement of sale was off. The essential difference in the facts of the two cases lies in this: In the Motor Car Case the property belonged to the bankrupt. The bank had no title. It attempted to secure one through delivery of possession for a past consideration. In the present case neither the bankrupt nor the trustee ever had title to the property. The trustee

782 228 FEDERAL REPORTER

attempted to secure title after the opportunity to do so had passed. It is beyond dispute that neither Richards nor any creditor could have successfully attacked the title of the defendant, nor are we able to see that the trustee can. This view, although independently reached, we find confirmed by the ruling in East End Mantel Case (D. C.) 202 Fed. 275. There are, it is true, expressions in the Motor Car Case which seem to go to the length of expressing the thought that a trustee in bankruptcy may assert any right which a creditor might have asserted, had he moved at any time within four months of bankruptcy, and that this right is fixed and unaffected by anything which may have been done within the four months. This language, as before remarked, must, however, be interpreted in the light of the facts to which it relates. When so limited, we think the instructions given the jury were consistent with the doctrine of the Motor Car Case. This really disposes of the present motion.

The remaining reasons for a new trial may be disposed of with a passing comment. Had there been a verdict for the plaintiff, the court doubtless would have entered judgment upon it. We do not feel justified in disturbing the verdict rendered. Juries always take a broader view of a case than lawyers are prone to do. Without doubt the defendant had no thought of parting with his property without payment. This, perhaps, was persuasive with the jury to view the transaction as defendant presented it. There is ample room for the opinion that the whole defense was an afterthought. The jury was none the less well within the exercise of its lawful powers in finding otherwise.

[4, 5] The reasons which go to rulings on evidence are disposed of by the observations that, as the transaction here was based upon a special and specific arrangement, former dealings between the parties had no relevant bearing upon the case, and that the recall of a witness who had already testified fully was a matter within the discretion of the trial judge. We think plaintiff was given a fair opportunity to present his whole case.

The motion for a new trial is dismissed, and defendant has leave to enter judgment on the verdict.