## Haak versus Linderman & Skeer.

64　499
138　207

64　499
166　221

64　　　499
38SC　1247

1. An agreement was, "H. hath sold and doth agree to deliver to P. a car, for which P. agrees to pay $600 in manner following, * * * H. reserves the right from said car until fully paid, but said P. shall have the use of said car from this date, should P. fail to comply with this agreement, H. shall have the right to take the car from P. as his property, and P. will forfeit the amount paid on said agreement." Held, to be a conditional sale not a bailment of the car and being in P.'s possession although most of the purchase-money was unpaid, could be levied on by his creditors.

2. There can be no valid lien as against creditors for the purchase-money of personal property, when it is delivered on a conditional sale.

3. Chamberlain v. Smith, 8 Wright 431, distinguished.

March 22d 1870. Before Thompson, C. J., Agnew and Sharswood, JJ. Read, J., at Nisi Prius.

Error to the Court of Common Pleas of Lehigh county: No. 30, to January Term 1870.

This was a feigned issue under the Sheriff's Interpleader Act, in which John Haak was claimant and plaintiff, and G. B. Linderman and C. O. Skeer, partners as Linderman & Skeer, defendants. The issue was directed July 5th 1869; and tried before Longaker, P. J., September 13th 1869.

On the 24th of May 1867, Haak, the plaintiff, and one B. F. Palm, entered into the following agreement:—

"The said John Haak for the consideration hereinafter men-

[Haak *v.* Linderman.]

tioned doth covenant and hath sold and by these presents doth agree to deliver to the said B. F. Palm a certain house car, for which the said Franklin Palm agrees to pay the sum of $600, in the following manner, to wit:" (Then follow the stipulations for payment, the last being in twelve months from the date of the agreement.) "The said John Haak reserves the right from said car until fully paid, but the said B. F. Palm shall have the *use* of said car from this date; should the said B. F. Palm fail to comply with this agreement the said John Haak shall have a right to take the said car from the said B. F. Palm as his property and the said B. F. Palm will forfeit the amount paid on said agreement."

The plaintiff proved on the trial that but $150 had been paid by Palm on account of the car.

The defendants then gave in evidence a judgment recovered by them, April 9th 1869, against Palm, for $384.27, a fi. fa. issued April 10th, and levy on the car in possession of Palm. He called Palm, who testified that Haak's name was on the car when the agreement was entered into and about a year afterwards he had his own name put on it. On cross-examination the plaintiff asked the witness:

"Why did you have your name put upon the car; [and if at the time did you not know that you had only a use of the car and that you were not the owner until you had complied with the terms of the agreement?"]

The defendants objected to that part of the question in brackets, the objection was sustained, and a bill of exceptions sealed. The witness answered that he had his name put on, because it was objected in Philadelphia that it would be mis-sent.

The court charged the jury: "You are instructed that the agreement between the plaintiff and B. F. Palm is a conditional sale and a fraud upon the creditors of defendant on the execution: it is therefore your duty to render a verdict in favor of the defendants."

The verdict was for the defendants.

The plaintiff took out a writ of error, and assigned for error the charge of the court and ruling as to the evidence.

*E. Holben* and *E. Harvey*, for plaintiff in error, referred to Clark *v.* Jack, 7 Watts 375; Myers *v.* Harvey, 2 Penna. R. 481; Rose *v.* Story, 1 Barr 195; Sargent *v.* Giles, 8 N. Hamp. 325; Henderson *v.* Lauck, 9 Harris 359; Chamberlain *v.* Smith, 8 Wright 433; Clemens *v.* Davis, 7 Barr 264; Rowe *v.* Sharp, 1 P. F. Smith 30.

*R. E. Wright*, for defendants in error, cited Jenkins *v.* Eichelberger, 4 Watts 121; Martin *v.* Mathiot, 14 S. & R. 214; Clow *v.* Woods, 5 Id. 277; Rose *v.* Story, *supra;* Waldron *v.* Haupt,

[Haak v. Linderman.]

2 P. F. Smith 408; Welsh v. Bell, 8 Casey 12; Becker v. Smith, 9 P. F. Smith 469.

The opinion of the court was delivered, May 5th 1870, by

THOMPSON, C. J.—The material inquiry in this case is, whether Palm received the car in question from the plaintiff, under a contract of bailment, or on the foot of a purchase. If the former, plaintiff would be entitled to his property in whosesoever hands it might be found claiming against the bailment. If the latter, the creditors of the vendee could levy on it and sell it as the property of the vendee, whether it was paid for or not, and whether the contract for the sale stipulated for the title remaining in the vendor until paid for or otherwise. No valid lien for purchase-money where the property is delivered on a contract of sale is worth anything: 14 S. & R. 214, 1 Barr 190, 8 Wright 431, 1 P. F. Smith 28, 2 Id. 408. Any number of cases to the same effect, might be added to the list.

The contract between the plaintiff Haak and Palm, is in writing, and so plain as to be unsusceptible of any misunderstanding. In the outset it says, " that John Haak for the consideration hereafter mentioned, doth covenant, and hath sold, and by these presents doth agree to deliver, to the said B. F. Palm, a certain house car, for which the said Franklin Palm agrees to pay the sum of $600 in the following manner." Then follows the stipulation for the payments to be made at several times during a year, within which the whole was to be paid " with legal interest on $300 until paid." It would surpass the keenest astuteness to make out of this anything but an actual sale, and it was accompanied with an actual delivery of the car. But then follows the clause in the same agreement that " the said John Haak reserves the right from said car until fully paid, but the said Palm shall have the use of said car from this date; and should the said B. F. Palm fail to comply with this agreement, the said John Haak shall have a right to take the said car from said Palm, as his property, and the said Palm will forfeit the amount paid on said agreement."

No doubt this might be a valid lien or arrangement as between the parties, and it is likely the parties had nothing else in view. But the policy of the law against secret liens renders it utterly worthless as against creditors, and this the cases cited abundantly show. This last clause was in no sense a bailment, but a remedy to enforce performance on part of the vendee, and on failure of which to provide satisfaction to the vendor. Not one of the cases cited by the plaintiff sustains this as a bailment. The furthest they go is, where the contract is a clear bailment with a superadded condition, that at the end of it, or during its continuance, the bailee should have the option to purchase. Such was the case of Chamberlain v. Smith, 8 Wright 431, supra. The possession

[Haak *v.* Linderman.]

was in that case parted with, only on the footing of a bailment. Before the option was exercised the bailee there parted with the property by sale, and it was sold on execution against his vendee. The bailee gave notice of title and sued the parties and sheriff seizing the same, and recovered. That accords with the principle stated in the outset of this opinion, and is supported by all the authorities. The other cases cited by the plaintiff in error stand on the same footing. The delivery of the property was on a contract of bailment, with a stipulation to purchase. Here the delivery was on a contract of sale, with a reservation of a right of reclamation if not paid for. This right could be exercised only on the grounds of a lien existing in favor of the vendor, which was void as against creditors. These views are very clearly brought out in the case last above cited, and in Rowe *v.* Sharp, 1 P. F. Smith 26; and Waldron *v.* Haupt, 2 Id. 408. The argument of the learned counsel for the defendants in error is a very clear demonstration of the accuracy of the charge of the learned judge to the jury, which consisted in a mere direction to find for the defendant, having first stated that the transaction as shown was a conditional sale and a fraud upon creditors.

There was no error committed in the charge or in the assignment of error on the bill of exceptions, and the judgment is affirmed.