## Hallowell *v.* Williams, Appellant.

*Receivers—Corporations—Executory contract—Equitable defense.*

In an action against a receiver of a corporation to recover for loss occasioned by the inability of the receiver to complete deliveries, through no fault of his own, on an executory contract for the future delivery of goods, with notice of such inability to the purchaser, an affidavit of defense is insufficient to prevent judgment, which fails to disclose equities in favor of other parties superior to the equities of the purchaser; and this is especially so where the receiver has not applied as provided by the act of congress of August 13, 1888, to the federal court, which appointed him, for equitable relief.

Argued Jan. 16, 1907.    Appeal, No. 229, Jan. T., 1906, by defendant, from order of C. P. No. 4, Phila. Co., Dec. T., 1905, No. 3,112, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Eli B. Hallowell and Ralph Souder, trading as Eli B. Hallowell & Company, v.

Horace G. Williams, receiver of Beaver Creek Lumber Company.   Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.   Affirmed.

Assumpsit on a breach of contract of sale.

Rule for judgment for want of a sufficient affidavit of defense.

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Albert B. Weimer,* with him *Frederick M. Leonard,* for appellant.—As the contract in this case was executory, the receiver had a right to stop further deliveries of lumber as soon as he found that such deliveries would be unfair and burdensome to the trust estate: Vanderbilt v. Central R. R. Co., 43 N. J. Eq. 669 (12 Atl. Repr. 188); Vanderbilt v. Little, 51 N. J. Eq. 289 (26 Atl. Repr. 1025); Griffith v. Blackwater Boom, etc., Co., 46 W. Va. 56 (33 S. E. Repr. 125).

*Frank P. Prichard,* for appellees.—It is submitted that there is no principle of law which exempts the receiver, carrying on a business, from the ordinary measure of damages for breach of an executory and partially performed contract.   The defendant nowhere in his affidavit states what the amount of the estate is, nor how many creditors there are, or any other facts, which even if the contract had been unreasonable or improvident, would give rise to equities of creditors.

OPINION BY MR. JUSTICE BROWN, April 15, 1907:

In determining whether this judgment for want of a sufficient affidavit of defense was properly entered, we first turn to the averments in plaintiffs' statement.   The defendant was sued as the receiver of the Beaver Creek Lumber Company. He was appointed receiver of this company by the circuit courts of the United States, for the northern district of West Virginia and the eastern district of Pennsylvania.   On December 19, 1904, he entered into a contract with the appellees to sell them 1,000,000 feet of hemlock lumber at prices fixed in their proposal to him to furnish it to them.   In accepting this proposal, on the same day it was made, he acknowledged the receipt of $2,000 advanced to him on account.   Subsequently

the appellees advanced $4,000 more to him and received shipments of the lumber contracted for. Nearly six months after the contract was entered into, the appellant notified the appellees that he could not deliver any more lumber to them, having at that time delivered to them a little more than one-third of what he had agreed to furnish them. In admitting his default and averring his inability to furnish the balance of the lumber, he, in writing, unqualifiedly, unambiguously and without condition, authorized the appellees to purchase from other parties 639,825 feet, the quantity which they still were entitled to receive under the contract. The statement further avers that in pursuance of this direction by the appellant, or by his agreement that they should do so, the appellees purchased the balance of the lumber which he had failed to deliver to them, and for the excess over the contract price which they were to pay him for it, he is indebted to them. This indebtedness is the principal item set out in the statement, and as to it nothing in the affidavit of defense can be found that would avail against judgment if the suit were against the appellant as an individual, on a contract entered into by him in that capacity. He does aver that he signed the authority authorizing the appellees to purchase the lumber from other parties under a distinct understanding and agreement that the authorization would be used to cover only such lumber as the plaintiffs were obliged to purchase up to the quantity which he had failed to furnish to fill existing orders which they had from their customers and could not induce them to cancel, and that they would induce their customers to cancel as many of the existing orders as possible. As stated, the authority to the appellees to purchase was unqualified, and it is not averred that any condition was omitted from it by accident or mistake. But a further answer to this averment is that, without such authority from the appellant, the appellees had a right, under their contract, to purchase the lumber which he was not able to furnish to them, and he would be liable for any loss sustained by them in purchasing from others.

The second item for which the court directed judgment was $244.07, for excess freight due under the agreement set forth in plaintiffs' statement of claim. There is an averment that it was agreed between the plaintiffs and defendant at the time

of the making of the contract, that the lumber was to average
in weight three pounds to the foot, and that the defendant
would pay the freight on all excess weight over that amount.
This agreement is not denied in the affidavit of defense, nor is
it averred that the amount claimed under it is incorrect, if
such agreement was made.    There is a denial of any liability
of the appellant on this item, followed by an averment that
the written contract did not call for lumber of any specific
weight, but only that the driest stock should be shipped and
that such stock had been shipped.    But, as stated, there is no
denial of the oral agreement set forth in the statement.

Counsel for appellant do not contend that the affidavit of
defense, if this suit were against him as an individual, would
be sufficient, but insist that he cannot be held as receiver for
the nonperformance of an executory contract if the same was
found by him to be " unfair and burdensome to the trust es-
tate."    This is a purely equitable defense.    Whether a receiver
may make it in a proper case, is not the question to be deter-
mined, for, even if he may, nothing can be discovered in this
affidavit justifying it.    The contract entered into with the ap-
pellees was within the express powers conferred upon the ap-
pellant by the courts of the United States.    This he admits,
and he further admits that at the time it was entered into it
" was thoroughly valid, provident and reasonable."    In the
second paragraph of the affidavit he admits that the hemlock
lumber which he had on hand in the yard, and the logs and
standing timber when cut into lumber " would have produced
a very large amount of lumber, viz.: an amount estimated to
be considerably in excess of 1,000,000 feet."    The order of the
court to him was, " such receiver shall sell said lumber to the
best advantage, either at private or public sale, and shall haul
and saw into lumber the trees now cut and still remaining in
the woods upon said land, converting the same into lumber,
and shall likewise sell it."    A further order to him was to
operate the mill of the company for the purpose of " sawing
and marketing whatever timber and lumber may now be upon
the mill yard, and the logs in the ponds of the said defendant,
the Beaver Creek Lumber Company, or upon the lands, whether
cut or uncut."

The affidavit of defense does not even aver that the Beaver

Creek Lumber Company is insolvent, and it would hardly be pretended that this defense ought to avail for stockholders any more than if the corporation itself, and not through its receiver, had made the contract with the appellees. But, conceding the insolvency of the company, whose equities superior to the legal rights of the appellees under their contract with the receiver ought to be protected at their expense? As to this, the affidavit of defense is silent. Nothing appears in it showing that the allowance of this legal claim of the appellees will interfere with any equities that ought to be protected by denying them their judgment. It cannot, therefore, be withheld from them.

The act of congress of August 13, 1888, provides : " Every receiver or manager of any property, appointed by any court of the United States, may be sued in respect of any act or transaction of his in carrying on the business connected with such property, without the previous leave of the court in which such receiver or manager was appointed; but such suit shall be subject to the general equity jurisdiction of the court in which such receiver or manager was appointed, so far as the same shall be necessary to the ends of justice." Under this act the receiver was sued in respect of " an act or transaction of his in carrying on the business connected with " the property under his control. The suit against him was, from the time it was instituted, subject to the general equity jurisdiction of the court in which he was appointed; but that court has not interfered with it. If the contract with the appellees ought to have been annulled, either of the courts of the United States in which the appellant was appointed receiver, might, for good cause shown, have declared it annulled, and the suit in the state court could have been stayed; but no application was made by the appellant to either of those courts for relief from his contract, and while he may not have been bound to make such application, and may set up an equitable defense in our own courts recognizing such defenses in proceedings at law, it would have been better had he asked for relief from the courts appointing him, if he was entitled to be relieved from his contract. As no equitable defense that ought to be recognized appears in the affidavit of defense, the judgment for its insufficiency is affirmed.