### GENERAL ELECTRIC CO. v. RICHARDSON et al.

#### (Circuit Court of Appeals, Third Circuit. May 13, 1916.)

#### No. 2094.

1. PARTIES ⬞7(1)—DEFENDANTS—REAL PARTY IN INTEREST.
   A defendant, joined only on the ground that it is a debtor of its codefendant, and against which the only relief prayed is that it be enjoined from paying its codefendant and be required to pay to complainant the amount of the latter's claim, is only a stakeholder and not a real party in interest.
   [Ed. Note.—For other cases, see Parties, Cent. Dig. § 9; Dec. Dig. ⬞7(1).]

2. COURTS ⬞372(4)—FEDERAL COURTS—STATE LAWS AS RULES OF DECISION.
   The respective rights of a seller of property by a contract of conditional sale and of creditors of the buyer are to be determined in a federal court by the law of the state so far as applicable.
   [Ed. Note.—For other cases, see Courts, Cent. Dig. § 979; Dec. Dig. ⬞372(4).]

3. SALES ⬞472(5)—CONDITIONAL SALES—RIGHTS OF SELLER AGAINST RECEIVER OF PURCHASER.
   Under the law of Pennsylvania the rights of a receiver appointed in a creditors' suit in property held by the defendant under a contract of conditional sale are superior to those of the seller.
   [Ed. Note.—For other cases, see Sales, Cent. Dig. § 1375; Dec. Dig. ⬞472(5).]

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Suit in equity by the General Electric Company against James A. Richardson and others, as receivers of Doak & Co., and the Thomas W. Evans Museum & Institute Society. Decree for defendants, and complainant appeals. Affirmed.

For opinion below, see 228 Fed. 758.

H. B. Gill and W. B. Linn, both of Philadelphia, Pa., for appellant.
R. D. Brown and Ira J. Williams, both of Philadelphia, Pa., for appellees.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

---

⬞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

McPHERSON, Circuit Judge.   Federal jurisdiction of this suit depends on the diverse citizenship of the parties.   The facts are as follows:

On June 3, 1914, the firm of Doak & Co. contracted with the Evans Museum to build and equip a power house for $65,232 on the property of the Museum in West Philadelphia.   On July 11 the Electric Company agreed with the firm to furnish, deliver, and erect four generators and other appliances for the sum of $5,151—the material to be shipped "to Messrs. James G. Doak & Co. at Philadelphia for the Thomas W. Evans Museum & Institute Society."   The agreement further provided that:

"The title to the apparatus herein sold shall not pass from the company until all payments hereunder (including deferred payments, if any) shall have been fully made in cash.   The purchaser agrees to do all acts necessary to perfect and maintain such retention of title in the company."

And it provided, also, that the price should be—

" * * * payable 85 per cent. of the value of the work done and material furnished each month as evidenced by a certificate to be issued by the architect * * * and the balance in full * * * after final certificate," etc.

The machinery (which the Electric Company was thus to install) was shipped to Philadelphia on bills of lading made out in the name of the firm and mailed to them.   The Electric Company's teamsters presented the bills to the carrier, received the machinery, and hauled it to the Museum's property, where the Electric Company installed it. Practically all of it was in place on November 25, when upon a creditors' bill the District Court for the Eastern District of Pennsylvania appointed receivers for the firm on the ground of insolvency.   Up to this time, the Electric Company had received no part of the price agreed upon, although the Museum had paid the firm $3,690 on account of three of the generators—these having been included in a monthly bill of the firm under date of November 2, and the architect having certified the bill on November 6 as correct.   The Museum had no notice or knowledge of the Electric Company's title.   On November 25 the Museum still owed Doak & Co. on the general contract more than $10,000, and (after the Museum had refused to return the machinery upon the Electric Company's demand) this action was begun, in which an equitable lien for $5,151 is claimed upon the unpaid balance.   The district court dismissed the bill.

As it seems to us, this appeal presents only two questions, of which neither requires much discussion.

[1] (1) We think it clear that the Museum has no real interest in the suit.   Neither its title nor its possession is attacked; the bill merely prays for an injunction restraining payment of any part of the $5,151 to Doak & Co. or to the receivers; and for an order directing payment of that sum to the plaintiff.   In a word, the Museum is only a stakeholder; and moreover there is now no serious dispute that $3,690 has already been paid in effect on the cost of the machinery, and that only the difference is now payable to one or other of the claimants.

[2, 3] (2) Turning then to the real antagonists, we may say first

that the law of Pennsylvania, as far as applicable, is the law of the controversy. Bryant v. Swofford Bros., 214 U. S. 279, 29 Sup. Ct. 614, 53 L. Ed. 997; Bank v. Trust Co. (C. C. A. 3) 178 Fed. 187, 101 C. C. A. 507. Under that law it is plain that the contract of July 11 was a conditional sale, good between the parties, but (as a general rule) invalid against the vendee's creditors. Ott v. Sweatman, 166 Pa. 217, 31 Atl. 102, and many later cases. In favor of an execution creditor at least, the rule undoubtedly prevails. In Bullock Co. v. Traction Co., 231 Pa. 137, 80 Atl. 570, the court said:

"But, even as to personal property, a vendor who makes a conditional sale cannot assert his title against an execution creditor who has levied upon the property so sold. Such a sale is within the meaning of the law fraudulent as against a levying creditor. When a general creditor has obtained a judgment upon which an execution has been issued and a levy has been made, a lien is created against the property so seized. In such a case the rights of the levying creditor are superior to those of a vendor of personal property who makes a conditional sale of the same, reserving title in himself until the purchase price is paid. Ott v. Sweatman, 166 Pa. 217 [31 Atl. 102]. Unsecured creditors have no lien until judgment has been entered and execution issued, but when these steps have been taken their rights are superior to a vendor who sought to retain a lien upon the property sold until the purchase price was paid."

What, then, are the rights of the receivers in the case before us? This question also has been answered by the supreme court of Pennsylvania. In Duplex Co. v. Clipper Co., 213 Pa. 207, 62 Atl. 841, the court considered the powers of a receiver under a creditors' bill against an insolvent corporation. After pointing out the difference between such a receiver, who derives his authority, not from the insolvent (as does a voluntary assignee for the benefit of creditors), but from the law itself, Chief Justice Mitchell summarized the opinion as follows:

"When, therefore, on a creditors' bill, a receiver is appointed for an insolvent corporation, he is not limited, like an assignee for the benefit of creditors, by the rights of the debtor corporation as to property held by it under a conditional sale, but has the rights of a levying creditor, and a sale by him passes a good title against the vendor, irrespective of the purchaser's status as a creditor, either with or without notice."

This ruling was followed by Judge Orr in the Western District of Pennsylvania in Re Trunk Co. (D. C.) 176 Fed. 1009, and by this court in Bank v. Trust Co. (C. C. A. 3) 178 Fed. 190, 101 C. C. A. 507.

Without further discussion we hold that the right of Doak & Co.'s receivers would have been superior to the right of the Electric Company, even if the generators had been in the firm's possession on November 25, and also that the receivers' right to the fund in question (which now takes the place of the property) is in like manner superior.

The decree is affirmed.