# Stewart, Administratrix, Appellant, *v.* Copitas et al.

*Actions—Res adjudicata—Judgment—Failure to offer judgment in evidence.*

1. A mere reference to a judgment in a statement of claim or in the oral testimony of a witness is not proper legal evidence of it or of what action, if any, had been taken upon it by the other party to it, and in such case it is not before the court as a basis for any action upon it.

2. Where in an action to recover damages alleged to have been suffered by plaintiff through fraud practiced upon him in his purchase of certain property, it is alleged that plaintiff was precluded from recovery by a judgment entered against him under the terms of the contract of sale for the balance of the purchase-money due, where the judgment was not offered in evidence at the trial, but was merely referred to in the statement of claim and in the oral testimony of a witness, the judgment was not before the court, and the entry of a compulsory nonsuit on the ground that plaintiff was precluded by such judgment from recovery was reversible error.

Argued Oct. 10, 1916. Appeal, No. 69, Oct. T., 1916, by plaintiff, from order of C. P. Allegheny Co., Sept. T., 1911, No. 700, refusing to take off nonsuit, in case of Mary Stewart, Administratrix of B. F. Stewart, Deceased, v. Gust Copitas, Alexander Copitas, Christ Copitas and Tom Copitas, doing business as Gust Copitas & Brothers. Before BROWN, C. J., MESTREZAT, POTTER, STEWART and FRAZER, JJ. Reversed.

Trespass for deceit. Before DAVIS, J.

The opinion of the Supreme Court states the facts.

The lower court entered a compulsory nonsuit, which it subsequently refused to take off. Plaintiff appealed.

*Error assigned* was in refusing to take off the nonsuit.

*F. C. McGirr,* for appellant.

*Thomas L. Morris,* with him *L. K. Porter* and *F. N. Weddell,* for appellees.

PER CURIAM, January 8, 1917:

This was an action in deceit, brought to recover damages alleged to have been suffered by the plaintiff through fraud practiced upon him in his purchase from the defendant of a lease, good will, fixtures and stock of a restaurant. A nonsuit was entered on the ground that the plaintiff was precluded from recovering by a judgment entered against him, under the terms of the contract of sale, for the balance of the purchase-money due. If such a judgment was entered against him it was not offered in evidence, and the complaint of learned counsel for appellant is that it was not, therefore, before the court as a basis for any action upon it. If it was conclusive evidence against the plaintiff, the record of it ought to have appeared as a material item of evidence in the case. A mere reference to it in the statement of claim, or the oral testimony of a witness, was not proper legal evidence of it, or of what action, if any, had been taken upon it by either of the parties to it.

Judgment reversed with a procedendo.