# John Deere Plow Co. *v.* Hershey et al., Appellants.

*Replevin—Conditional sale—Goods not paid for—Corporation—Insolvent corporation—Receivers—Judicial notice of insolvency—Record of another suit—Affidavit of defense—Waiver—Statement of claim—Act of April 19, 1901, P. L. 88—Appeal—Theory of case in court below.*

1. Where a contract of sale provides that title and ownership of the goods, delivered thereunder, shall remain vested in the vendor corporation "unless specially surrendered by it in writing.....until full payment for all goods so shipped shall have been made," the contract may constitute a conditional sale.

2. In replevin for such goods by the vendor against the receiver of the vendee corporation, where the court below states that the attorneys for both parties agreed that the sale was conditional, the Supreme Court, on appeal, must, in the absence of evidence to the contrary, accept such statement as indicating the theory on which the case was argued in the court below.

3. Where the statement of claim in the replevin avers that the goods remained the property of the conditional vendor, and the affidavit of defense asserts that the contract was an absolute sale of the goods, defendants cannot, on appeal from a judgment against them for want of a sufficient affidavit of defense, assert that the statement was insufficient because it failed to aver, in express terms, default on the part of defendants in making full payment for the goods: Parry v. First Nat. Bank, 270 Pa. 556, distinguished.

4. If defendants desire to aver such payment they should do so in their affidavit of defense.

5. Under the Act of April 19, 1901, P. L. 88, relating to replevin, the declaration and affidavit of defense constitute the issue under which the title or right of possession of the goods is to be determined.

6. In an action of replevin against the receivers of a corporation to recover goods in the hands of the corporation under a contract of conditional sale, the receivers, after filing an affidavit of defense, cannot claim that shortcomings in their affidavit of defense cannot be used against them, inasmuch as they are not required to file any affidavit of defense at all.. They waived their privilege by filing their affidavit of defense.

7. In such a suit, where neither the statement of claim nor the affidavit of defense aver that the vendee corporation was as a matter of fact insolvent when the receivers were appointed, the defend-

ants cannot assert that as receivers they had the rights of levying or attaching creditors, and took a good title to the property in question as against the conditional vendor.

8. If the vendee corporation was in fact solvent when the receivers were appointed, such receivers have no greater rights, as against a conditional vendor, than are possessed by the conditional vendee itself.

9. The court, in passing upon the pleadings in the replevin suit, is not bound to take judicial notice of the fact of insolvency as established in the equity suit, where such suit is merely referred to without identification by court, term or number, and this is so although the replevin suit was in the same court and before the same judges who sat in the equity proceedings.

10. Although reference to a record, without actual reproduction thereof, may be sufficient to establish its existence, yet such a reference will not establish any facts averred or adjudicated in the other proceeding except those which would be absolutely necessary to the existence of the record in question.

11. A claim that the court which appointed receivers of a corporation is the proper forum in which title to goods in the hands of the corporation is to be determined, cannot be sustained in a replevin for such goods, where it appears from the pleadings in the replevin that such suit was brought after permission had been duly obtained from the court which had appointed the receivers.

Argued May 10, 1926.    Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 74, Jan. T., 1926, by defendants, from order of C. P. Lancaster Co., Feb. T., 1925, No. 44, making absolute rule for judgment for want of sufficient affidavit of defense, in case of John Deere Plow Co. v. Samuel Hershey and B. Frank Kready, receivers of the Lancaster County Farmers' Supply Co.    Affirmed.

Replevin for goods in defendants' hands.    Before HASSLER, J.

The opinion of the Supreme Court states the facts.

Rule absolute for judgment for want of sufficient affidavit of defense.    Defendants appealed.

*Error assigned* was, inter alia, order, quoting record.

*H. Frank Eshleman,* with him *M. E. Musser,* for appellants.—The facts set forth in plaintiff's declaration in replevin, if they all be admitted to be true, do not establish a title in plaintiff, nor support the judgment entered in its favor: Duplex Printing Press Co. v. Publishing Co., 213 Pa. 207; Bullock E. M. Co. v. Traction Co., 231 Pa. 129.

The transaction was an absolute sale.

Allegation of default here is an essential averment of the declaration, necessary to sustain title: Liveright v. Thornton, 56 Pa. Superior Ct. 611; Lancaster Supply Co. v. Doll, 30 Lanc. L. Rev. 265; Acme Mfg. Co. v. Reed, 181 Pa. 382; Weidman v. Reiker, 44 Pa. Superior Ct. 85; Commercial Car Co. v. Murphy, 275 Pa. 105.

The affidavit filed is sufficient: Johnson v. Smith, 158 Pa. 568; Mut. L. Ins. Co. v. Tenan, 188 Pa. 239; Seymour v. Hubert, 83 Pa. 346; Perkins v. Humes, 200 Pa. 235; Helfrich v. Greenberg, 206 Pa. 516; Brookville Title, etc., Co. v. Beaver T. Co., 258 Pa. 139; Hallowell v. Williams, 217 Pa. 501.

The court below acted and entered judgment in this case on the erroneous principle that the common pleas on the law side was independent of the court in equity which appointed the receivers and could act independent of it, when the law of Pennsylvania is that in a receivership of an insolvent corporation the equity court appointing the receiver is given by statutory authority complete control, and all other courts must act subservient to that control and to the equities therein found and established: Robinson v. Ry., 66 Pa. 160; Com. v. Young, 11 Phila. 606; Davis Coal, etc., Co. v. Hess, 30 Pa. Superior Ct. 193; Duplex Printing Press Co. v. Pub. Co., 213 Pa. 207; S. G. V. Co. v. S. G. V. Co., 264 Pa. 265; Blum Bros. v. Bank, 248 Pa. 148; Grayson v. Aiman, 252 Pa. 461.

*Chas. W. Eaby,* for appellee.—The contract was a conditional sale: Frech v. Lewis, 32 Pa. Superior Ct.

279; Kelly Co. v. Spyker, 215 Pa. 332; Farquhar **v.** McAlvey, 142 Pa. 233; Hays v. Weikel, 76 Pa. Superior Ct. 465.

The Duplex Printing Co. Case does not control the case at bar and does not sustain appellants' contention.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, June 26, 1926:

This is an action of replevin; judgment was entered for want of a sufficient affidavit of defense, and the receivers of what, for convenience, we shall call the defendant corporation, or company, have appealed.   The statement of claim avers that plaintiff is a corporation; that defendants are receivers of the Lancaster County Farmers' Supply Company, appointed in January, 1925, by the Court of Common Pleas of Lancaster County, sitting in equity; that, in December, 1923, these two corporations entered into a written contract, a copy thereof being attached to and made a part of the statement of claim; that plaintiff delivered the articles in controversy to defendant as provided for under this contract; that, at the date of the filing of the bill under which the receivers were appointed, defendant company had possession of these articles; that the writ of replevin was issued in February, 1925; and, finally, that "all of said articles......were the property of plaintiff by virtue of the written agreement......and never were the property of defendant."

The affidavit of defense, after admitting the averments of plaintiff's statement, except the one last-above quoted, contains this averment: "Defendants deny that the articles mentioned......were the property of plaintiff, by virtue of the written agreement......and......aver that the said articles......were in the possession of said [defendant corporation] at the time [of the appointment of the receivers] and that the delivery by plaintiff to [defendant corporation] of said goods......constituted an absolute sale, and, by reason thereof, plaintiff

parted with the legal title thereto and the possession thereof, and said [defendant corporation and subsequently its receivers] acquired actual physical possession of said goods and chattels, and, by operation of law, the title to the same passed......to said [receivers]."

Appellants contend, as the above affidavit indicates, that the written agreement in itself passed an absolute title to the corporation for which they were receivers, and that it was error on the part of the court below to construe such agreement as a contract of conditional sale. On this point the court below states, in its written opinion, that "the attorneys for both plaintiff and defendant agree that the sale of the articles in question under the terms of the contract is a conditional sale, and that, as between the plaintiff and the Lancaster County Farmers' Supply Co. [defendant] the title is in the plaintiff; [but] they differ......as to the [legal] effect of the appointment of the receivers under the bill filed." In the absence of evidence to the contrary, we must accept this statement as indicating the theory on which the case was argued in the common pleas; but, aside from that consideration, we think the contract one of conditional sale, and that the real question concerns the effect of the appointment of the receivers on the rights of the plaintiff company as conditional vendor. This question we shall consider after first disposing of some other points raised by appellants.

It is contended that plaintiff's statement of claim is inadequate to support the judgment appealed from because it fails to aver, in express terms, default on the part of defendant company in making full payment for the articles in controversy. On the point in hand, it is enough to call attention to section 6 of the Act of April 19, 1901, P. L. 88, "relating to replevin and regulating the practice in cases where the writ of replevin is issued," which provides that "the declaration and affidavit of defense......shall constitute the issues under which.....

the question of title to, or right of possession of, the goods and chattels, as between all the parties, shall be determined." According to the pleadings in the court below, the present appellants stood on the contentions, raised. by the affidavit of defense, that the contract showed an absolute sale to their corporation and that the title acquired by the vendee passed to them, "by operation of law," on their appointment as receivers. Were we to treat the contention just indicated as the only one ripe for consideration, our opinion could end here, for, as we have already said, the contract is one of conditional, not absolute, sale; but, since appellants assert the right to question the adequacy of the statement of claim to sustain a judgment for want of a sufficient affidavit of defense, a word or so on that subject may not be amiss. We are of opinion it is too late to make the point on which appellants depend, that the statement contains no distinct averment of default on the part of their corporation, the conditional vendee. The general averment made by plaintiff that, by virtue of the written agreement, the articles mentioned remained the property of the conditional vendor and never were the property of the vendee, evidently was accepted by defendants as sufficient; and, since the contract provides that title and ownership of all goods delivered thereunder shall remain vested in the vendor company, "unless especially surrendered by it in writing,......until full payment for all goods so shipped shall have been made," if defendants desired to aver such payment, they had ample opportunity to do so in the court below. Not having taken advantage of such opportunity, it must be assumed that the facts did not warrant them in averring payment and therefore, that title to the goods, under the terms of the contract, remained in the plaintiff company, subject, of course, to the rights of creditors under established rules of law.

This case is not like Parry v. First National Bank, 270 Pa. 556, where it was held that the filing of an affidavit

of defense did not constitute a waiver of defendant's right subsequently to rely on the insufficiency of the plaintiff's statement of claim, when the latter asked judgment on the pleadings. There the statement was insufficient in substance, as lacking a proper basis upon which to enter judgment; whereas here the alleged insufficiency is simply in form. In other words, as before suggested, plaintiff's general averment that the replevied articles belonged to it by virtue of the written agreement and never had become the property of defendant, while not an express allegation that defendants had not made the payments essential to vest the property in them, implied that state of affairs, and in the absence of an attack by defendant upon the form of the averment, plaintiff's statement of claim was sufficient to support a judgment.

Again, appellants contend that the shortcomings of their affidavit of defense cannot be used against them because, as fiduciaries, they were not required to file any such affidavit at all; but this relief is in the nature of a personal exemption which may be waived, and, since, instead of standing on their privilege, appellants saw fit to file an affidavit, therein planting their case on an issue of law, the contention under consideration is beside the mark. Had the case been on trial, defendants, albeit fiduciaries, could have expressly agreed that their principal had not paid for the replevied goods, if such were the fact, or, by not raising that issue, could have impliedly so agreed, which in effect is what they did in the present instance.

The real question argued on this appeal, however, concerns the legal rights of the receivers of defendant company in the replevied goods; or, in the words of the court below, "Did the appointment of the receivers and their taking possession of the goods in question give them a good title to the same as against plaintiff?"

Appellants contend defendant company was insolvent when receivers were named for it; that, the corporation being insolvent, the receivers were vested with all the

rights of attaching or levying creditors against personal property in its possession.    Against such creditors, a conditional vendor's title was of no avail at the time this suit arose (Haak v. Linderman, 64 Pa. 499, 501; Thompson v. Paret, 94 Pa. 275, 280; Ott v. Sweatman, 166 Pa. 217, 221; Duplex Printing Co. v. Clipper Co., 213 Pa. 207, 211; Schmidt v. Bader, 284 Pa. 41, 45); and, under the Duplex Printing Co. Case, supra, a receiver appointed to represent creditors of an insolvent corporation had the rights of levying or attaching creditors: see also General Electric Co. v. Richardson, 233 Fed. 84, 86.    But the trouble with defendant's position on these points is, first, that the pleadings do not raise them as issues in the case; next, waiving that consideration as not insisted on before us, neither plaintiff's statement of claim nor defendant's affidavit of defense (see Hallowell v. Williams, 217 Pa. 501, 504-5) avers that, as a matter of fact, defendant corporation was insolvent when receivers were appointed for it.    It is well known that, under some circumstances, receivers may be appointed for a solvent but embarrassed corporation (Cowan v. Pa. Plate Glass Co., 184 Pa. 1, 9; Blum Bros. v. Girard Nat. Bank, 248 Pa. 148, 156; Schipper Bros. Co. v. Economy Coal Co., 277 Pa. 356, 362; Cuncliffe v. Consumers' Assn., 280 Pa. 263, 267), and in such case the receivers have no greater rights, as against a conditional vendor, than are possessed by the conditional vendee himself.

Though not properly a part of the record before us, the bill in equity and answer thereto, which brought about the appointment of the present receivers, have been printed by appellants, and we have examined them. It appears that the bill was filed by the president of the defendant corporation, who, averring that he was a creditor and that the company was insolvent, asked for the appointment of receivers to, inter alia, "make distribution among the creditors of said company according to their various rights and interests."    The answer,

filed by the secretary of defendant company, "at the request and by resolution of its board of directors," admitted "the allegations set forth in plaintiff's bill" and that "the appointment of a receiver [was] necessary to conserve the assets of the said corporation."

The statement of claim in the action of replevin mentions the above-noted equity proceeding, in that it alleges that the individual defendants "are the receivers appointed by the Court of Common Pleas of Lancaster County, sitting in equity, of the Lancaster County Farmers' Supply Company" (the defendant corporation), and that "on or about the 24th day of January, 1925, a bill in equity against said defendant company was filed in the said Court of Common Pleas of Lancaster County, sitting in equity, which resulted in the appointment of the above-named defendants as receivers of said defendant company"; further, that, "when said bill was filed, the said defendant corporation had in its possession the several articles [here in controversy]." These are the only references made by the pleadings in the replevin suit to the proceedings in which the receivership arose; not only do they fail to aver or suggest insolvency, but they do not even identify the chancery record (by court term and number, or otherwise) wherein it is claimed that fact appears. With the replevin pleadings in this condition, the court below properly refused to treat the case as though the fact of the insolvency of defendant company at the time of the appointment of the receivers was judicially established in the replevin proceeding for the purpose of passing on plaintiff's motion for judgment for want of a sufficient affidavit of defense, and upon this basis it determined "that there is nothing in the affidavit of defense sufficient to prevent judgment."

Perhaps the court below was unwilling to countenance what possibly it conceived to be an effort by the officials of defendant company to get together, through a bill and answer, for the purpose of turning the limited rights

of their corporation, as conditional vendee of the articles in controversy, into practically absolute ownership,—to the benefit of the president of that concern, the only creditor specifically mentioned in the pleadings in the equity proceeding,—and adopted a technical ground to avoid such a result; but, be that as it may, we cannot say the ground was not well taken. Though the replevin case was in the same court and before the same judges who sat in the equity proceeding, that would not warrant them in taking judicial notice of facts alleged or adjudicated on the chancery side of the court (Steel v. Levy, 282 Pa. 338, 341; Sauber v. Nouskajian, 286 Pa. 449) ; and the mere reference in the replevin pleadings to the appointment of receivers was not sufficient to bring upon the record in that case the causes and purposes of such appointment. Although reference to a record, without actual reproduction thereof, may be sufficient to establish its existence, yet such a reference will not establish any facts averred or adjudicated in the other proceeding except those which would be absolutely necessary to the existence of the record in question: Pasquinelli v. Southern Macaroni Co., 272 Pa. 468, 481; Leary v. Long, 131 U. S. Appendix ccxviii; 21 R. C. L. 477. Since insolvency is not a prerequisite to the appointment of a receiver for a corporation, there was nothing before the court below from which it could find that fact; and, under the circumstances here presented, we cannot hold that tribunal erred in refusing to adjudge the case as though the insolvency of defendant company at the time of the appointment of the receivers appeared of record as an established fact, which is what appellants would have us do: see also Stewart v. Copitas, 256 Pa. 54.

As to appellants' final contentions that the court of equity which appointed the receivers had authority to determine the property rights here involved and that it, rather than the court of law which entertained the present action of replevin, should have been resorted to for

the purpose of adjudicating those rights, it is enough to call attention to the fact, alleged in the statement of claim and expressly admitted in the affidavit of defense, that "this suit was brought after permission had been duly obtained from the said Court of Common Pleas of Lancaster County sitting in equity." The issues involved were thus disposed of by permission of the equity court, at the unopposed prayer of a party in interest (see Hallowell v. Williams, 217 Pa. 501, 505) ; therefore the only questions properly before us are on the record in the replevin suit, wherein we find no reversible error.

Before closing this opinion, it may be well to call attention to the fact that the present sale occurred and the controversy here involved was in litigation prior to the passage of the Conditional Sales Act of May 12, 1925, P. L. 603.

The judgment is affirmed.