## Sullivan Machinery Company *v*. Griffith, Receiver of Rowena Coal Company, Appellant.

Argued April 12, 1928.

Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*Joseph Levy,* and with him *Tillman K. Saylor,* for appellant.—The receiver had the rights of a levying creditor: Brunswick & Balke Co. v. Hoover, 95 Pa. 508; Printing Press Co. v. Publishing Co., 213 Pa. 207; Cushing v. Perot, 175 Pa. 66. The solvency of the corporation was not conclusively established by the decree appointing a receiver: Cowan v. Plate Glass Co., 184 Pa. 1; U. S. Brick Co. v. Brick Co., 228 Pa. 81; Blum Bros. v. Girard Nat. Bank, 248 Pa. 148; Deere Plow Co. v. Hershey, 287 Pa. 92. The evidence of insolvency was sufficient to submit to the jury and to sustain the verdict: Chaney v. Coleman, 77 Texas 100, 13 S. W. 850.

*William H. Burd,* and with him *J. B. Landis,* for appellee.—The decree of the Court of Common Pleas finding defendant solvent is conclusive upon the parties: Gilboy v. Duryea Borough, 228 Pa. 252. The receiver did not have the right of a levying creditor as against the vendor in a conditional sales contract: Root v. Hershey et al., 9 D. and C. 54; Duplex Printing Press Co. v. Clipper Publishing Company, 213 Pa. 207.

OPINION BY CUNNINGHAM, J., July 12, 1928:

Plaintiff, Sullivan Machinery Company, a Massachusetts corporation, was the vendor in a certain conditional sales contract, by which it sold certain mining machinery to Rowena Coal Company, a Delaware corporation, having its principal office in the city of Johnstown, Cambria County, and owning coal lands in Somerset County, Pa. The defendant, Roy T. Griffith, was appointed receiver of Rowena Coal Company by the Court of Common Pleas of Cambria County sitting in equity. Claiming that under the terms of the contract it was entitled to repossess itself of the machinery by reason of the vendee's default in making certain payments, plaintiff, by permission of the proper court of Cambria County, instituted an action of replevin in the Common Pleas of Somerset County on December 8, 1926, gave the required bond and obtained possession of the property. The contract was dated April 22, 1925, (prior to the Conditional Sales Act of May 12, 1925, P. L. 603), and provided that the price of the machinery, $2,021.95, should be paid: one-third in thirty days from date of bill of lading; one-third in sixty; and the remainder in ninety days from that date, with interest on the second and third payments. The first instalment was paid but the vendee defaulted on the second and third. The contract contained the usual provision that "title and right of possession" to the machinery should

remain in the vendor until the same had been fully paid for. The replevin case came on for trial upon plaintiff's declaration, with an amendment thereto, and an affidavit of defense filed by the receiver. The averments of fact in the declaration relative to the execution of the contract (a copy of which was attached) and the default of the conditional vendee were admitted in the affidavit of defense but the receiver therein set up the affirmative defense that the Rowena Coal Company was insolvent at the time of the institution of the equity proceedings in Cambria County which resulted in the receivership. The pleadings in this case, unlike those in Deere Plow Co. v. Hershey et al., 287 Pa. 92, hereinafter referred to, squarely raised the issue of the insolvency of the vendee at least as early as August, 1926. It is stated in the declaration that Griffith "was appointed receiver" of the coal company but nothing is therein averred with respect to the purpose of his appointment or the extent of the powers conferred upon him by the decree. The affidavit of defense, however, is specific and avers that the company was insolvent as early as May 3, 1926, upon which date one, W. C. Wilson, was appointed its temporary receiver, and is still insolvent. After averring the appointment of Griffith as permanent receiver on August 3, 1926, the affidavit pleads that he "has the right of a levying creditor and took good title to the machinery in question as against the plaintiff," and, as the receiver of the purchaser, an insolvent corporation, is entitled "to the right of possession of the goods and chattels sought to be replevied." At the trial counsel for plaintiff offered in evidence the averments of the declaration admitted by the affidavit of defense, together with the copy of the contract attached to the declaration, and rested. In support of the averments of the affidavit of defense, the decree of the Common Pleas of Cambria County at No. 8, June Term, 1926, Equity Docket, dated Au-

gust 3, 1926, appointing Griffith receiver and S. E. Dickey and M. J. Bracken appraisers to inventory and appraise the coal company's assets, was offered and admitted in evidence. The appraisers were not called but their report, showing a total appraisement of $91,119.40, was admitted under objection. The receiver was permitted to testify, over plaintiff's objection, that the total indebtedness of the corporation at the time of the receivership, including interest to date, was $186,066.41. He also testified that his efforts to dispose of the property by public sale under the direction of the court had failed up to that time, and other evidence, not material to the question involved on this appeal, was received under objection. At the conclusion of the evidence the learned trial judge directed a verdict in favor of the defendant for the sum of $1,566, the amount admittedly in controversy under the pleadings. Later, namely, on January 6, 1928, the court below, on plaintiff's motion for judgment n. o. v., entered judgment in its favor and against the receiver "for the property named and described in the writ" and from this judgment we have the present appeal by the receiver. If this conditional vendee was in fact insolvent when the defendant was appointed its receiver on August 3, 1926, (and the evidence clearly indicates that it was) the final judgment of the court below is unjust and illegal because it gives this conditional vendor a preference over the other creditors of the coal company. The case must turn upon the question of the legal rights of the receiver in the replevied machinery.

The distinction between the rights of receivers appointed to wind up the affairs of an insolvent corporation and those of mere temporary receivers appointed to conduct the business of an embarrassed corporation as a going concern was clearly indicated by the present Chief Justice in Deere Plow Co. v. Hershey, supra. We quote the following from the opinion in

that case as applicable to the case at bar, with the exception already noted that here the question of insolvency is directly raised by the pleadings: ''Appellants contend defendant company was insolvent when receivers were named for it; that, the corporation being insolvent, the receivers were vested with all the rights of attaching or levying creditors against personal property in its possession. Against such creditors, a conditional vendor's title was of no avail at the time this suit arose (Haak v. Linderman, 64 Pa. 499, 501; Thompson v. Paret, 94 Pa. 275, 280; Ott v. Sweatman, 166 Pa. 217, 221; Duplex Printing Co. v. Clipper Co., 213 Pa. 207, 211; Schmidt v. Bader, 284 Pa. 41, 45); and, under the Duplex Printing Co. case, supra, a receiver appointed to represent creditors of an insolvent corporation had the rights of levying or attaching creditors: see also General Electric Co. v. Richardson, 233 Fed. 84, 86. But the trouble with defendant's position on these points is, first, that the pleadings do not raise them as issues in the case; next, waiving that consideration as not insisted on before us, neither plaintiff's statement of claim nor defendant's affidavit of defense (see Hallowell v. Williams, 217 Pa. 501, 504-5) avers that, as a matter of fact, defendant corporation was insolvent when receivers were appointed for it. It is well known that, under some circumstances, receivers may be appointed for a solvent but embarrassed corporation (Cowan v. Pa. Plate Glass Co., 184 Pa. 1, 9; Blum Bros. v. Girard Nat. Bank, 248 Pa. 148, 156; Schipper Bros. Co. v. Economy Coal Co. 277 Pa. 356, 362; Cuncliffe v. Consumers' Assn., 280 Pa. 263, 267), and in such case the receivers have no greater rights, as against a conditional vendor, than are possessed by the conditional vendee himself.''

The proceedings for this receivership were instituted in Cambria County by W. A. Sheeler, Jr., and J. D. Keiper, but neither their bill in equity nor the

decree appointing a temporary receiver on May 3, 1926, was offered in evidence and it does not appear from the evidence in this case whether the bill was filed by creditors or by stockholders. The decree appointing the permanent receiver reads in part as follows: "And now, the third day of August, A. D. 1926, upon further hearing in the above case, it appearing to the court that notice of the said hearing had been given by mail to all known creditors and parties interested at [of] the time, place and purpose of the present hearing, and it further appearing that the respondent company, although solvent, is presently unable to meet and discharge its present obligations, which have matured and those which are maturing, and that for the preservation of its assets, permanent receivers should be appointed; it is now, on motion of Henry W. Storey, Jr., solicitor for the complainants, ordered and decreed as follows: First: That Roy B. Griffith, of the City of Johnstown, County of Cambria and Commonwealth aforesaid, be and is hereby appointed receiver of the Rowena Coal Company, a corporation, and of all the property of the said company, real, personal and mixed, of whatever kind and description and wheresoever situated," etc. Among other appropriate provisions in the decree are found injunctions against the entering of judgments or the issuing of executions and restraining all creditors from commencing or prosecuting actions at law or in equity, etc. By the fifth paragraph the receiver is authorized to preserve the assets until such time as in his judgment, subject to the approval of the court, "it becomes necessary to dispose of the same to the advantage of the creditors, bondholders and stockholders," and by the eighth paragraph he is directed to report within sixty days as to the character and extent of the company's property, "the interest in and known claims against it, its income producing capacity and the best method of realizing its value for the benefit of those interested." All

the provisions of the decree proper indicate that the receivership was intended by the court to be a general receivership for the winding up of the affairs of the corporation, the sale of its assets under the supervision of the court and the distribution of the proceeds to the persons entitled thereto. There was evidence at the trial that the property had been offered for sale by direction of the court but no sufficient bid received. The thing which seems to have given rise to all the difficulty in this case is this recital in the preamble to the decree: ''And it ...... appearing that the respondent company, although solvent, is presently unable to meet and discharge its present obligations, which have matured and those which are maturing, and that for the preservation of its assets, permanent receivers should be appointed,'' etc. We gather from the opinion of the court below that it entered judgment for the plaintiff because it interpreted the decree as showing ''the solvency of the corporation when the receiver was appointed,'' and felt that no matter what the real facts may have been this recital is conclusive and prevents the receiver from showing subsequently that the corporation was hopelessly insolvent when he was appointed. We do not agree with these conclusions. They are predicated upon a single preliminary recital and not upon the effect of the decree as a whole. When the entire decree is considered there is no indication that the defendant was appointed as a mere temporary receiver for a solvent, but embarrassed, corporation to conduct its business in the place of its regular officers; on the contrary, the decree itself indicates a general receivership for the purpose of winding up the affairs of the company. Its exact financial condition was probably not definitely known at the time the decree was drafted; hence the provisions therein for reports by the receiver and by the appraisers. These provisions indicate that the Cambria County court had not undertaken to, and indeed could

not, pass finally upon the question of solvency or insolvency until all the facts were known. In Blum Bros. v. Girard National Bank, et al., 248 Pa. 148, there was an averment in the bill that the corporation there in question was "possessed of assets far in excess of its liabilities" and the decree authorized the receivers to conduct the business as a going concern.

In certain suits by the receivers to recover bank balances they averred that the corporation was insolvent at the time of their appointment and, in some instances, the affidavits of defense either admitted or failed to deny this averment. It was contended that as the original bill averred assets in excess of liabilities and as the receivers were not appointed for the purpose of winding up the affairs of the corporation as an insolvent corporation, but were expressly authorized to conduct it as a going concern, their appointment could not be taken as adversely affecting the rights of the banks to set off notes in their possession against the claims of the receivers for the deposits. There, as here, the corporation was a foreign one and could not be formally dissolved by a Pennsylvania court. The conclusion of the Supreme Court upon this branch of the case was thus expressed : "On the whole, taking into consideration all the averments of the bill and the decree entered thereon, we are convinced that the court below did not err in treating this case as a general receivership for an insolvent trading company with temporary authority in the receivers to conduct the business as a going concern, and thereby avoiding a preference in favor of the particular defendants at bar to the prejudice of the other creditors."

In view of the manifest purpose of this receivership, we think the receiver is not precluded from obtaining, if deemed advisable, in the court which appointed him, a further adjudication, based upon subsequent developments with respect to the actual solvency or insolvency of the company at the time of his appointment. Nor

216

is he precluded from proving, by competent evidence, its actual condition at that time as a defense to this action of replevin. The ascertainment by a competent tribunal of the fact of solvency or insolvency when the receiver was appointed is essential to the adjudication of the rights of the parties to this action, and to the end that that question of fact may be properly heard and determined, we direct a new trial. As the case must be retried, we may add that in any investigation of the financial condition of the coal company, in which the report of the appraisers is involved, we think the plaintiff is entitled, if its counsel so desire, to cross-examine the appraisers upon the matters therein contained.

The judgment is reversed with a venire.