## Hardinge Company v. Whitaker's Executors.

*B. C. Atlee*, for plaintiff; *John B. Graybill*, for defendant.

GROFF, J., April 19, 1930.—This is an action brought by the Hardinge Company, Inc., against L. H. Whitaker, deceased, H. Laughlin Whitaker and the First National Bank of Honey Brook, Pa., executors of L. H. Whitaker, to recover from the defendant the sum of $2766.92, with interest from Dec. 1, 1927, based upon a book account for material, and on labor supplied to the defendant, under two written contracts and an oral contract. It is alleged that one of the written contracts is dated May 10, 1927, and the other written contract is dated May 16, 1927, the first being attached to plaintiff's statement and marked Exhibit "B," and the second being attached and marked Exhibit "C."

These contracts were contracts for the supplying of material and equipment for dryers, elevators, conveyers, bins and other parts of a plant for the handling of clay at defendant's clay plant, near Narvon, this county. There were also oral contracts by which L. H. Whitaker in his lifetime, according to the statement of the plaintiff, agreed to pay plaintiff for services and materials rendered and supplied by the plaintiff and accepted by the defendant.

L. H. Whitaker died on May 9, 1929, after the suit was brought and before the pleadings were filed.

The statement of claim was filed by plaintiff on Sept. 18, 1929, in the Prothonotary's Office of Lancaster County. An affidavit of defense was filed to this statement on Jan. 2, 1930. On Jan. 10, 1930, the plaintiff made a motion

for judgment for want of a sufficient affidavit of defense, on which motion a rule was granted to show cause why judgment should not be entered for want of a sufficient affidavit of defense. Subsequent to the entering of this rule, defendants, on March 12, 1930, filed a supplemental affidavit of defense. The plaintiff, relying upon its original motion and assignments, marked the case for argument, and it was heard by the court at the regular argument term.

Section 6 of the Practice Act of May 14, 1915, P. L. 483, reads as follows:

"Section 6. Every allegation of fact in the plaintiff's statement of claim, or in the defendant's set-off or counter-claim, if not denied specifically or by necessary implication in the affidavit of defense, or plaintiff's reply, as the case may be, or if no affidavit of defense or plaintiff's reply be filed, shall be taken to be admitted, except as against an infant, a person of unsound mind, or one sued in a representative capacity as provided in section seven, and except as provided in section thirteen."

Section 7 of the same act, which relates to an affidavit of defense filed by executors, reads as follows:

"Section 7. When the affidavit of defense or plaintiff's reply is made by an executor, administrator, guardian, committee, or other person acting in a representative capacity, he need only state the facts he admits to be true, and that he believes there is a just and legal defense to the remainder, and the facts upon which he bases his belief."

Have the executors met the requirements of section 7 of the Practice Act above referred to? They set out in their affidavit of defense that they are the executors, and then properly proceed to set out at a greater length their defense than is necessary in pleading. They admit certain facts alleged in plaintiff's statement, but deny that the labor and material furnished by the plaintiff to the defendant was accepted by him, and aver that the equipment installed did not work satisfactorily; that it was to work satisfactorily under an oral agreement; and then gave wherein the machinery furnished did not work satisfactorily, and that the unsatisfactory condition of the equipment is due to the inferior workmanship and installation of the engineers and workmen of the plaintiff. They deny that they are indebted to the plaintiff in the sum of $2766.92, for the reason that the plaintiff has not fulfilled the terms of his contracts, and that in order to place the equipment furnished in a proper and satisfactory working condition it would cost $3000.

The statement of claim alleges that the total amount of the plaintiff's claim originally was $8572.22, and that of that amount $5805.30 was paid. This is admitted by the defendants.

The defendants then say that they have a just and legal defense to the plaintiff's claim, and believe the truth of their own allegations, and expect to prove the same at the trial of the cause.

The plaintiff in this case seems to rely upon the case of John Deere Plow Co. v. Hershey et al., 287 Pa. 92, in which the court, speaking through Mr. Chief Justice Moschzisker, in the syllabus, says:

"In an action of replevin against the receivers of a corporation to recover goods in the hands of the corporation under a contract of conditional sale, the receivers, after filing an affidavit of defense, cannot claim that shortcomings in their affidavit of defense cannot be used against them, inasmuch as they are not required to file any affidavit of defense at all. They waived their privilege by filing their affidavit of defense."

It will be noted, however, that that affidavit of defense was filed under the Act of April 19, 1901, P. L. 88, relating to replevin, and while that was an action of replevin, we think that the following principle announced in Smyser

*v.* Strawbridge, Exec'x, 4 D. & C. 297, applies, where Wanner, P. J., says in the opinion, at page 298, that:

"Judgment against such a defendant [executor] can, therefore, only be entered if the facts of the statement specifically admitted in the affidavit of defense, together with the additional facts alleged in the affidavit itself, are sufficient in themselves to show that the plaintiff has a good cause of action which is not sufficiently met by any defense set up in the affidavit."

We so held in the case of Strickler, Trustee, *v.* Resh et al., Executrices of Barbara J. Melbert, deceased, 41 Lanc. Law Rev. 322, and believe that that is the law.

We feel that the facts alleged in the statement are not specifically admitted by the affidavit of defense, and that there are not sufficient additional facts admitted in the affidavit to authorize us to enter judgment.

We, therefore, for the reasons above set forth, discharge the rule to show cause why judgment should not be entered for the plaintiff for want of a sufficient affidavit of defense. Rule discharged.

From George Ross Eshleman, Lancaster, Pa.